UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DUANE E. BRONSON,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>GALLARDO, et al.,<br><br>　　　　　Defendants. | No. 1:24-cv-00344 GSA (PC)<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS<br><br>ORDER RECOMMENDING DISMISSAL FOR FAILURE TO OBEY COURT ORDERS AND FOR FAILURE TO KEEP COURT APPRISED OF CURRENT ADDRESS<br><br>(See ECF Nos. 3, 4, 5)<br><br>PLAINTIFF'S OBJECTIONS DUE IN FOURTEEN DAYS |

　　　　Plaintiff, who appears to be a county jail inmate proceeding pro se,[1] has filed this civil rights action seeking relief under 42 U.S.C. § 1983. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

　　　　For the reasons stated below, the undersigned will recommend that this matter be dismissed for failure obey court orders and for failure to keep the Court informed of Plaintiff's current address. Plaintiff will have fourteen days to file objections to this order.

---

[1] The last address of record that the Court has for Plaintiff indicates that he was being held at Fresno County Jail in Fresno, California. See ECF No. 1 at 1 (cover sheet of Plaintiff's complaint).

1

I. RELEVANT FACTS

On March 22, 2024, Plaintiff's complaint was docketed. ECF No. 1. At that time, however, Plaintiff did not file an application to proceed in forma pauperis. As a result, on March 25, 2024, Plaintiff was ordered either to file an application to proceed in forma pauperis along with his six-month prison trust fund account statement, or to pay the filing fee in full. ECF Nos. 3, 4. Plaintiff was given forty-five days to comply with the Court's order.

More than forty-five days have now passed and Plaintiff had not complied with the Court's orders. As a result on May 15, 2024, Plaintiff was ordered to show cause why this matter should not be dismissed for failure to obey a court order. ECF No. 5. As an alternative to filing the showing of cause, Plaintiff was again given the opportunity either to file an application to proceed in forma pauperis along with his six-month prison trust fund account statement, or to pay the filing fee in full. Id. at 2. Plaintiff was given fourteen days to take either course of action. Id.

On June 4, 2024, the Court's May 15, 2024, order was returned to the Court marked, "Not in Custody, Temporarily Away, Unable to Forward." Based on this, under the Local Rules, Plaintiff had sixty-three days to file a notice of change of address. To date Plaintiff has not done so, nor has he requested an extension of time to do so. Since his complaint was docketed in March of 2024, Plaintiff has neither responded to the Court's orders, nor has he filed any other document or pleading. See generally docket.

II. APPLICABLE LAW

As discussed below, federal statutes and federal rules of civil procedure as well as a number of local rules support the dismissal of this case. The factors identified in Malone v. United States Postal Service, 833 F.2d 128 (9th Cir. 1987) also support the recommendation of dismissal.

  A. Federal Statutes, Federal Rules, and Local Rules in Support of Dismissal

    1. Plaintiff's Failure to Obey Court Orders

Plaintiff's failure to obey the Court's orders either to file an application to proceed in forma pauperis along with a six-month prison trust fund account statement or to pay the filing fee in full (see ECF Nos. 3, 4, 5) supports the dismissal of this case on its face. See Fed. R. Civ. P.

2

41(b); Local Rule 110.  Accordingly, as early as May 6, 2024 – forty-five days after the Court ordered Plaintiff to take these steps – the undersigned could have recommended that this matter be dismissed on those grounds.  Instead, in May of 2024, Plaintiff was given a second opportunity to comply with the Court's initial order.  See ECF No. 5 (Court's order to show cause, with alternative).

### 2. Plaintiff's Returned Screening Order Was Properly Served

Although the Court's order directing Plaintiff to show cause was returned to the Court, Plaintiff was properly served with it.  It is Plaintiff's responsibility to keep the Court apprised of his current address at all times.  Local Rule 183(b).  Pursuant to Local Rule 182(f), service of documents at the record address of the party is fully effective.  Accordingly, for this reason as well, the Court is within its bounds to dismiss this case on the grounds that by failing to respond to its order to show cause, Plaintiff has again failed to obey another court order.

### 3. Plaintiff's Time to File Notice of Change of Address Has Expired

Furthermore, from the date that the order to show cause was deemed to have been served on Plaintiff was returned to the Court marked "undeliverable," Plaintiff had sixty-three days to file a notice of change of address with the Court.  See Local Rule 183(b).[2]  More than sixty-three days have passed, and Plaintiff has not filed a notice of change of address with the Court.  Again, since Plaintiff's complaint was docketed in this Court in March of 2024, Plaintiff has not interacted with the Court in in any way.  These facts also support the immediate dismissal of this case.

### B. Malone Factors Also Support the Dismissal of This Case

#### 1. Malone Factors

The Ninth Circuit has clearly identified the factors to consider when dismissing a case for failure to comply with a court order.  It writes:

> A district court must weigh five factors in determining whether to dismiss a case for failure to comply with a court order: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of

---

[2] As of January 1, 2025, this period has been shortened from sixty-three days to thirty days.

prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions."

Malone v. United States Postal Service, 833 F.2d 128, 130 (9th Cir. 1987) (quoting Thompson v. Hous. Auth. of City of Los Angeles, 782 F.2d 829 (9th Cir. 1986) (per curiam)).

2. Analysis

a. Expeditious Resolution of Litigation; Court's Need to Manage Its Docket

The Eastern District Court has an unusually large caseload.[3]  "[T]he goal of fairly dispensing justice . . . is compromised when the Court is forced to devote its limited resources to the processing of frivolous and repetitious requests."  Whitaker v. Superior Court of San Francisco, 514 U.S. 208, 210 (1994) (brackets added) (citation omitted).  Thus, it follows that keeping this case on the Court's docket when Plaintiff has refused either to file an application to proceed in forma pauperis along with a six-month prison trust fund account statement, or to pay the filing fee in full, is not a good use of the Court's already taxed resources.  Indeed, in fairness to the many other litigants who currently have cases before the Court, no additional time should be spent on this matter, irrespective of any action Plaintiff might take after the issuance of this order.

b. Risk of Prejudice to Defendants

Furthermore, because viable Defendants have yet to be identified and served in this case, they have not put time and effort into defending against it.  As a result, there will be no prejudice to them if the matter is dismissed.  On the contrary, the dismissal of this case will benefit any potentially viable Defendants because they will not have to defend themselves against Plaintiff's complaint.

---

[3] The Eastern District of California carries one of the largest and most heavily weighted caseloads in the nation.  See Office of the Clerk, United States District Court, Eastern District of California, 2024 Annual Report, "Weighted Filings," p. 35 (2024) ("[O]ur weighted caseload far exceeds the national average . . . ranking us fourth in the nation and first in the Ninth Circuit.").  This problem is compounded by a shortage of jurists to review its pending matters.  See generally id. (stating 2024 Biennial Judgeship Survey recommended request for four additional permanent judgeships for Eastern District of California).

          c.    Availability of Less Drastic Sanctions; Favored Disposition of Cases on Merits

Finally, given that since Plaintiff filed this case in March of 2024, he has failed either to respond to the Court's orders or request extensions of time to do so, Plaintiff's inaction has resulted in this matter remaining on the Court's docket for almost a year. See ECF No. 1 (initial complaint). Without Plaintiff either paying the filing fee in full or filing the appropriate documents to complete an in forma pauperis application, this matter cannot proceed any further. It cannot be prosecuted, nor can it be disposed of on its merits. See 28 U.S.C. § 1914(a) (requiring payment of filing fee); see also 28 U.S.C. § 1915(a)(1)-(2) (permitting prisoner's commencement of case without prepayment of fees if affidavit stating inability to pay them is filed along with six-month trust fund account statement). Furthermore, the facts that: (1) since June 4, 2024, the Court's order sent to Plaintiff was not deliverable, and (2) despite this fact, Plaintiff has not filed a notice of change of address form with the Court since then also support the undersigned's finding that there is no less drastic option than dismissal.

### III. CONCLUSION

For these reasons, consistent with 28 U.S.C. §§ 1914(a) and 1915(a)(1)-(2); Federal Rule of Civil Procedure 41(b) and Local Rules 110 and 183(b), as well as having considered the Malone factors, the undersigned shall recommend that this matter be dismissed without prejudice due to Plaintiff's failure to obey court orders and his failure to keep the Court informed of his current address. Plaintiff will be given fourteen days to file objections to this order.

Accordingly, IT IS HEREBY ORDERED that the Clerk of Court shall randomly assign a District Judge to this matter.

IT IS FURTHER RECOMMENDED that this matter be DISMISSED without prejudice for Plaintiff's failure to obey Court orders and for his failure to keep the Court apprised of his current address. See Fed. R. Civ. P. 41(b); Local Rules 110, 183(b).

These findings and recommendations are submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, Plaintiff may file written objections

1   with the Court.  Such a document should be captioned "Objections to Magistrate Judge's Findings
2   and Recommendations," and it shall not exceed fifteen pages.
3         The Court will not consider exhibits attached to the objections.  To the extent that Plaintiff
4   wishes to refer to any exhibit, when possible, Plaintiff must reference the exhibit in the record by
5   its CM/ECF document and page number or reference the exhibit with specificity.  Any pages filed
6   in excess of the fifteen-page limit may be disregarded by the District Judge when conducting the
7   28 U.S.C. § 636(b)(l)(C) review of the findings and recommendations.  Plaintiff's failure to file
8   objections within the specified time may result in the waiver of certain rights on appeal.  See
9   Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014); Martinez v. Ylst, 951 F.2d 1153 (9th
10  Cir. 1991).

IT IS SO ORDERED.

   Dated:   **March 11, 2025**                              **/s/ Gary S. Austin**
                                                                         UNITED STATES MAGISTRATE JUDGE